In re JEANNETTE CORPORATION,
t/a Jeannette Glass, Debtor.

JEANNETTE CORPORATION, t/a
Jeannette Glass, Objector,

v.

Ronald L. GILARDI, Attorney for Multiple Claimants, Barry R. Johnson, Charles Ventura, Donna Lavella, William Lukasiewicz, Phyllis Taylor, Lorraine M. Lukasiewicz, Catherine Loughner, Erma R. Butler, Ella Piovesan, Theresa Vagasky, Charles Kovach, James Bassinger, Mary A. Loughner, Denis M. Sillett, Marcy Ann Zlotkowski, Sabina Zlotkowski, Thelma Wise, Betty Stephens, Barry Madorma, Judy Klimek, Doreen Brooks, Regis Bodnar, James P. Bartley, Lizabeth A. Bartley, Carol Sawhill, Joan C. Bogart, Bernard Kammerdiener, Ronald Uveges, Joseph Hiznaneck, Cheryl Blackburn, Jason C. Myers, Dan F. Dean, Dora M. Bricker, Anne Dumnich, Russel J. Smith, Eleanora J. Chicotella, Christine C. Uhall, Patricia A. Peters, Martin L. Harbaugh, Marvis B. Cindrick, Linda N. Burtner, Edward Brinker, Kathy L. Zgonc, Irene H. Johnson, Dennis Bollinger, Nicholas J. Zellem, Russell W. Wallis, Darla K. Maruscak, Cheryl L. Woods, Dolores L. Clair, Jane L. Gsell, Thelma J. Kurz, Cheryl L. Walters, Margie Budesky, Domenick D. Tedeski, Paula Knouse, Scarlett Francis, Harry E. Fontana, Patricia A. Schutter, Ruth M. Kifer, Barbara A. Dietrich, Thomas G. Ventura, Andrew M. Tlumac, Nancy B. Doran, Aretha J. Wessel and Judy M. Llewellyn, Claimants.

Bankruptcy No. 82–3265.

Claim Nos. 68, 91–106, 113–126, 136, 142, 167–170, 208–212, 238, 239, 352, 353, 355, 391–393, 397–401, 414, 416, 463, 518–522, 525, 526, 553 and 554.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 17, 1990.

Douglas A. Campbell, Campbell & Levine, Pittsburgh, Pa., for James E. Moody, trustee for Jeannette Corp.

Kevin R. Lomupo, Gilardi & Cooper, Pittsburgh, Pa., for multiple claimaints.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

The above-captioned Claimants have filed proofs of claim seeking severance pay in varying amounts from Debtor.

Claimants assert that Debtor had a policy at the time they were placed on permanent layoff which provided severance pay for salaried employees in accordance with a prescribed formula. They further contend that all of the severance pay to which they are entitled was "earned" within ninety (90) days of the date on which Debtor was placed in bankruptcy and that the *entire* amount of each claim (up to $2,000.00) is entitled to third priority status under 11 U.S.C. § 507(a)(3).

The trustee does not object to the amount of severance pay claimed by each claimant. Rather, he objects to the contention that the entire amount was "earned" within 90 days of bankruptcy and thus is entitled (up to $2,000.00) to third priority status under 11 U.S.C. § 507(a)(3). The trustee theorizes that only a *portion* of the severance pay claimed was "earned" during the 90–day period prior to bankruptcy, and thus, only a portion is entitled to priority status. The remainder, he contends, is to be treated as a general unsecured claim.

Debtor has objected to each claim and denied that it had any policy concerning severance pay for permanently laid off salaried employees. However Debtor, aside from filing the objection, has failed to pursue and prove same. In addition, the evidence offered at trial clearly substantiated the policy. Accordingly, no further attention will be directed to Debtor's objection.

This Court determines, for reasons set forth below, that each claimant is entitled to the entire amount of severance pay claimed. However, only a portion of the severance pay claimed was "earned" during the 90 days immediately preceding bankruptcy and therefore is entitled to priority status under § 507(a)(3). The remainder of each claim will be treated as a unsecured general claim.

## ANALYSIS

All of the captioned Claimants were salaried employees of Debtor. They were permanently laid off by Debtor in late-September or early-October of 1982, shortly before Debtor was placed into involuntary bankruptcy on October 4, 1982.

Debtor had a policy of providing severance pay for permanently laid off employees which was in effect when claimants were laid off. Salaried employees who were placed on permanent lay off were to receive one (1) week's salary for each year of service as a salaried employee, with a minimum of two (2) weeks salary for employees with two (2) years or less service. The policy had been in effect since at least February of 1982, and had been relied upon to provide severance pay for several salaried employees who had been permanently laid off before the above claimants.

11 U.S.C. § 507(a)(3) provides as follows: (a) the following expenses and claims have priority in the following order:

\* \* \* \* \* \*

(3) Third, allowed unsecured claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay—

(A) earned by an individual within 90 days before the date of the filing of

the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) to the extent of $2,000.00 for each such individual.

It is undisputed that each of the captioned Claimants was terminated within 90 days of Debtor's bankruptcy.

The primary issue raised by the Claimants is whether the *entire* amount of each claim for severance pay was "earned", for purposes of § 507(a)(3)(A), within 90 days of Debtor's bankruptcy and, hence, is entitled to third priority status (up to $2,000.00). Specifically, Claimants maintain that the severance pay to which they are entitled was "earned" when they were terminated. Since they were terminated during the 90–day period prior to Debtor's bankruptcy, Claimants argue, the *entire* amount of that severance pay was "earned" during that period and therefore is entitled to priority under 11 U.S.C. § 507(a)(3).

This contention is without merit. It does not follow from the undeniable fact that Claimants were terminated within 90 days of Debtor's bankruptcy that *all* of the severance pay to which they are entitled was "earned" during that same period. Only a portion of it was so "earned".

■ The focal point of 11 U.S.C. § 507(a)(3) is not when the right to severance pay "matures" but, rather, when it is "earned". *In re Chicago Lutheran Hospital Association*, 75 B.R. 854, 856 (Bankr.N.D.Ill.1987). The right to severance pay "matures" when an employee is terminated. Severance pay is "earned", however, *as the employment relationship progresses*, not when the employee is terminated. *Id.; also, In re Ad Service Engraving Co.*, 338 F.2d 41, 43 (6th Cir.1964) (interpreting § 104(a)(2) of the former Bankruptcy Act).

Claimants' reliance upon *In re Public Ledger, Inc.*, 161 F.2d 762 (3rd Cir.1947) is misplaced. To the contrary, careful reading of *Public Ledger* supports a contrary result.

*Public Ledger* speaks of at least two (2) types of severance pay: (1) severance pay

in absence of required notice of layoff or termination; and (2) severance pay based upon length of service. In the former instance, if the required notice is given then the employee works through the notice day and no severance pay is earned or payable. However, if the employer fails to give the required notice, then the wage and/or the severance pay continues unaffected for the term of the required notice and as a result, is immediately earned.

■ In other words, if the right to severance pay is based upon failure to give notice and *not* based on length of service, it is "earned" when termination occurs and the *full* amount thereof is entitled to the priority treatment statutorily prescribed for such a period. *In re Public Ledger*, 161 F.2d at 771.

■ However, if the right to severance pay *is* based on length of service the full amount is *not* necessarily entitled to priority treatment. The total amount of severance pay is subject to apportionment. Only that portion which was "earned" during the 90–period prior to bankruptcy is entitled to third priority status under 11 U.S.C. § 507(a)(3). That portion (if any), which was earned postpetition may be entitled to first priority treatment as an administrative expense pursuant to 11 U.S.C. § 507(a)(1). Any remainder which is not so "earned" is to be treated as an unsecured general claim. *In re Public Ledger*, 161 F.2d at 773–74.

■ The severance pay policy in effect at the time Claimants were terminated was based upon length of service with Debtor. They were entitled to one (1) week's severance pay for each year of service, with a minimum of two (2) weeks' pay for employees with two (2) years or less of service with Debtor. It therefore follows that Claimants' severance pay is to be apportioned in the manner indicated above.

It is not possible for the court to ascertain the exact dollar amount of each claimant's severance pay which is entitled to

priority under 11 U.S.C. § 507(a)(3). The parties will be required to calculate those amounts as follows.[1] *In re Public Ledger*, 161 F.2d at 773–74, in particular footnote 9, is to be consulted in arriving at those calculations.

As has been indicated, Claimants' severance pay claims are allowed in full. First, the total amount of severance pay earned by a claimant is to be determined according to the formula set forth in Debtor's severance pay policy. *See* p. 329, *supra.*

Second, the severance pay earned per each year of service is to be ascertained by dividing the total amount of severance pay earned by the number of years of service with Debtor.

Each of the captioned Claimants worked only three (3) quarters for Debtor in 1982. The amount of severance pay earned per year of service is to be divided by the number of quarters claimant was employed by Debtor in 1982. This figure represents the amount of severance pay "earned" by a claimant during the 90–day period prior to Debtor's bankruptcy. Said amount (up to a limit of $2,000.00) is to be accorded third priority status pursuant to 11 U.S.C. § 507(a)(3).

Finally, the remainder of the total amount of severance pay "earned" by a claimant represents that portion of claimant's allowable claim which is an unsecured general claim and is entitled to no priority.

An appropriate Order will be issued.

## ORDER OF COURT

AND NOW at Pittsburgh in said District this 17th day of August, 1990, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that Claimants' claims for severance pay are allowed in full.

IT IS FURTHER ORDERED that the parties are to calculate the exact amount of said claims entitled to priority pursuant to 11 U.S.C. § 507(a)(3) in accordance with the

---

1. In effect, the method for calculating the dollar amount of 11 U.S.C. § 507(a)(3) proposed by the trustee is to be followed.

principles set forth on p. 330 of said Memorandum Opinion.